**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Warren PERREIRA, Defendant–Appellant.**

No. 05–10655

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2006.*

Filed Oct. 25, 2006.

Loretta A. Sheehan, Esq., Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Pamela J. Byrne, Esq., Federal Public Defender's Office, Honolulu, HI, for Defendant–Appellant.

Before: BRUNETTI, O'SCANNLAIN, and TROTT, Circuit Judges.

## MEMORANDUM **

Warren Perreira appeals the district court's denial of his Motion to Suppress

---

Evidence and his Motion to Dismiss Count One. Perreira argues (1) the search warrant issued was not supported by probable cause; (2) the warrant lacked sufficient particularity; (3) the police improperly executed the warrant; and (4) 18 U.S.C. § 922(g)(1) violates the Commerce Clause. We affirm.

The issuing judge did not clearly err in concluding probable cause existed to issue the search warrant because the informant's information was adequately corroborated. *United States v. Bishop,* 264 F.3d 919, 924–26 (9th Cir.2001). The search warrant issued in this case was sufficiently particular. *United States v. Clark,* 31 F.3d 831, 836 (9th Cir.1994); *United States v. Alexander,* 761 F.2d 1294, 1301–02 (9th Cir.1985). Perreira waived his right to make an illegal execution claim by not including it in his Motion to Suppress, and failing to amend his pleading as requested by the district court. *United States v. Wright,* 215 F.3d 1020, 1026 (9th Cir.2000); *United States v. Murillo,* 288 F.3d 1126, 1135 (9th Cir.2002). Finally, Perreira's Commerce Clause argument fails because there was a sufficient showing the gun traveled in a stream of interstate commerce. *United States v. Rousseau,* 257 F.3d 925 (9th Cir.2001); *United States v. Hanna,* 55 F.3d 1456 (9th Cir.1995).

**AFFIRMED.**